# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

NARCISO ABREGO,

    Plaintiff,

vs.

U.S. BANK NATIONAL ASSOCIATION,

    Defendant.

Case No. 2:13-cv-01795-JCM-GWF

**ORDER**

    This matter comes before the Court on Defendant's Motion to Stay Discovery (#14), filed on January 2, 2014. Defendant Filed a Notice of Non-Opposition (#15) on January 24, 2014.

    Defendant seeks a stay in discovery pending a decision on its Motion to Dismiss (#4), which is currently fully briefed. The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending. *See Skellerup Indus. Ltd. v. City of L.A.*, 163 F.R.D. 598, 600–01 (C.D. Cal. 1995). Ordinarily, a dispositive motion does not warrant a stay of discovery. *See Twin City Fire Insurance v. Employers of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989); *see also Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). To establish good cause for a stay, the moving party must show more than an apparently meritorious Rule 12(b)(6) motion. *Id*. A district court may stay discovery only when it is convinced that the Plaintiff will be unable to state a claim for relief. *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir.1981) (per curiam ). Common situations in which a court may determine that staying discovery is appropriate occur when dispositive motions raise issues of jurisdiction, venue, or immunity. *See Tracinda Corp.*, 175 F.R.D. at 556. The Ninth Circuit has held, furthermore, that a district court abuses its discretion if it prevents

discovery relevant to the dispositive motion. *See Alaska Cargo Transport, Inc. v. Alaska R.R. Corp.*, 5 F.3d 378, 383 (9th Cir. 1993) (stating the district court would have abused its discretion in staying discovery if the discovery were relevant to whether or not the court had subject matter jurisdiction).

It is well established that a party seeking a stay of discovery carries a "heavy burden" of making a "strong showing" why discovery should be stayed. *Tracinda Corp.*, 175 F.R.D. at 556 (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)). That discovery may involve some inconvenience and expense does not suffice to establish good cause to stay discovery. *See id.*; *see also Twin City*, 124 F.R.D. at 653. Rather, a party seeking a stay must show a particular and specific need for it; broad or conclusory statements are insufficient. *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990).

Courts have applied a two-part test when evaluating whether discovery should be stayed in the face of dispositive motions, *see, e.g., Mlejnecky v. Olympus Imaging America, Inc.*, 2011 WL 489743 at *6 (E.D. Cal. Feb. 7, 2011), which judges in this district have adopted.

> First, the pending motion must be potentially dispositive of the entire case or at least dispositive on the issue on which discovery is sought. Second, the court must determine whether the pending potentially dispositive motion can be decided without additional discovery. In applying this two-factor test, the court deciding the motion to stay must take a "preliminary peek" at the merits of the pending dispositive motion to assess whether a stay is warranted. If the party moving to stay satisfies both prongs, a protective order may issue; otherwise, discovery should proceed.

*Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 602 (D. Nev. 2011). The Court makes these determinations in light of Rule 1, which directs that the Rules "be construed and administered to secure the just, speedy, and inexpensive determination of every action."

The Court now takes a "preliminary peek" at Defendant's Motion to Dismiss (#4), which Defendant makes under Rule 12(b)(6). Satisfying Rule 12(b)(6) requires a plaintiff "to provide the grounds of his entitlement for relief" which "requires more than labels and conclusions, and a formulaic recitation of the elements of the cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, "factual allegations must be enough to raise the right to relief above the speculative level." *Id.* Additionally, "[i]n alleging

fraud or mistake, a party must state with particularity the circumstances constituting the fraud or mistake." Fed. R. Civ. P. 9(b). Such fundamental deficiencies "should be exposed at the point of minimum expenditure of time and money by the parties and the Court." *Id.* at 558.

Plaintiff here, although he has since obtained counsel, filed his Complaint in proper person. The Complaint raises allegations regarding the transfer and securitization of Plaintiff's mortgage note. In its Motion to Dismiss, Defendant, somewhat understandably unable to comprehend Plaintiff's Complaint, gleaned causes of action for fraud and misrepresentation. Defendant first argues that Plaintiff has not pled sufficient facts to make a prima facie case as required under Rule 8 and *Twombly*. Second, citing *Armeni v. America's Wholesale Lender*, 2012 WL 603242 at *1 (C.D. Cal. February 24, 2012), Defendant argues that even assuming properly pled facts, Plaintiff lacks standing because he was not a party to the securitization agreement nor an investor in the securitized trust. Defendant next posits that the economic loss doctrine set forth in *Terracon Consultants Western, Inc. v. Mandalay Resort Group*, 206 P.3d 81, 87 (Nev. 2009) precludes Plaintiff's misrepresentation claim because Plaintiff may not recover in negligence for economic loss. Finally, Defendant argues that Plaintiff's claims are, in any event, time barred by the statute of limitations.

As construed by Defendant and as can best be construed by the Court, Plaintiff asserts claims for fraud and misrepresentation. To state a claim for fraud, Plaintiff must plead that (1) the defendant made a false misrepresentation of material fact; (2) the defendant knew or should have known the representation was false; (3) the defendant intended to induce the plaintiff to act or refrain from acting in reliance upon the misrepresentation; (4) the plaintiff justifiably relied upon the misrepresentation; and (5) the plaintiff was damaged from such reliance. *See Bilbman Inc. v. Nev. Bell*, 825 P.2d 588, 592 (Nev. 1992). To state a claim for negligent misrepresentation, Plaintiff must likewise allege "(1) a representation that is false; (2) the representation was made in the course of defendant's business or in any action in which he has a pecuniary interest; (3) the representation was for the guidance of others in their business transactions; (4) the representation was justifiably relied upon; (5) that such reliance resulted in pecuniary loss to the relying party; and (6) that the defendant failed to exercise reasonable care or competence in obtaining or

communicating the information." *Weingartner v. Chase Home Fin., LLC*, 702 F. Supp. 2d 1276, 1290 (D. Nev. 2010) (citing *G.K. Las Vegas Ltd. P'ship v. Simon Prop. Group, Inc.*, 460 F. Supp. 2d 1246, 1262 (D. Nev. 2006)).

As a threshold matter, the Court finds that Plaintiff has not pled sufficient facts to set forth a prima facie case under *Twombly*. Plaintiff responds conclusorily that "Plaintiff has met the pleading and specificity requirements of FRCP 8(a)(2) and 9(b)." *Response, Doc. #12* at 7:7-8. Plaintiff further states that "the Court can easily make reasonable inferences" to make out Plaintiff's claims. *Id.* at 7:8-9. Rather, the Court finds that given the threadbare nature of Plaintiff's Complaint, even the causes of action he attempts to assert are not easily discernable. Plaintiff does not state the elements of his claims, let alone sufficient facts to support a prima facie case. Although it is conceivable, especially in light of the fact that Plaintiff now has counsel, that an amended complaint may very well lay out sufficient facts, the Motion to Dismiss and the underlying Complaint are all that are before the Court for the purposes of deciding the instant Motion to Stay. Therefore, the Court is convinced that Plaintiff will be unable to state a claim for relief in the currently operative Complaint. The Court will stay discovery pending a decision on Defendant's Motion to Dismiss.

Furthermore, under Local Rule 7-2(d), the failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion. The time to oppose the instant Motion has expired, and no opposition has been filed. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Stay Discovery (#14) is **granted**.

**IT IS FURTHER ORDERED** that discovery in this matter shall be stayed pending a decision on Defendant's Motion to Dismiss (#4).

...

...

...

...

...

...

4

**IT IS FURTHER ORDERED** that, in the event the Motion to Dismiss (#4) is denied in whole or in part, this stay shall be automatically lifted as to those claims that are not dismissed.

DATED this 31st day of January, 2014.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge