UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NARCISO ABREGO,<br><br>          Plaintiff(s),<br><br>v.<br><br>U.S. BANK NATIONAL ASSOCIATION,<br><br>          Defendant(s). | 2:13-CV-1795 JCM (GWF) |

**ORDER**

Presently before the court is defendant U.S. Bank National Association, N.A.'s ("U.S. Bank") motion to dismiss. (Doc. # 4). Plaintiff Narcisco Abrego has filed a response (doc. # 9) and defendant has filed a reply (doc. # 10).

**I.    Background**

The is a mortgage foreclosure related lawsuit. The threadbare complaint is devoid of facts sufficient to paint a clear picture of the dispute.

From what may be gathered, plaintiff obtained a loan on November 3, 1995, from non-party Central Pacific Mortgage Co. in the amount of $86,350.00. The loan was apparently used for the purchase of real property located at 4308 Beth Ave., Las Vegas, NV 89108. In connection with the loan, plaintiff executed a promissory note and deed of trust encumbering the property.

On or about May 17, 2013, plaintiff filed the instant action in state court, and recorded a lis pendens against the property. The defendant is allegedly the trustee of the mortgage backed security

**James C. Mahan**
**U.S. District Judge**

1  trust in which plaintiff's note is securitized.

2  **II.    Legal Standard**

3      A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can
4  be granted." FED. R. CIV. P. 12(b)(6).  A properly pled complaint must provide "[a] short and plain
5  statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2); *Bell*
6  *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed factual
7  allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements
8  of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted).  "Factual
9  allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555.  Thus,
10 to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim
11 to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

12     In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when
13 considering motions to dismiss.  First, the court must accept as true all well-pled factual allegations
14 in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. at 1950.
15 Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not
16 suffice. *Id*. at 1949. Second, the court must consider whether the factual allegations in the complaint
17 allege a plausible claim for relief. *Id*. at 1950. A claim is facially plausible when the plaintiff's
18 complaint alleges facts that allows the court to draw a reasonable inference that the defendant is
19 liable for the alleged misconduct. *Id*. at 1949.

20     Where the complaint does not permit the court to infer more than the mere possibility of
21 misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id*.
22 (internal quotations omitted).  When the allegations in a complaint have not crossed the line from
23 conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

24 **III.   Discussion**

25     From what may be gathered from the *pro se* complaint and the reply prepared by counsel,

26

27

28

**James C. Mahan**
**U.S. District Judge**

- 2 -

plaintiff seeks to assert claims for negligent and intentional misrepresentation.[1]

To state a claim for misrepresentation, a plaintiff must allege facts demonstrating that: (1) the defendant made a false misrepresentation of a material fact; (2) the defendant knew or believed the representation to is false, or had an insufficient basis for making the representation; (3) the defendant intended to induce plaintiff to act or refrain from acting in reliance upon the misrepresentation; (4) the plaintiff justifiably relied upon the misrepresentation; and (5) the plaintiff was damaged from such reliance. *Bulbman, Inc. v. Nev. Bell*, 108 Nev. 105 (1992).

In addition, any claim for fraud must be pled with particularity under Federal Rule of Civil Procedure 9(b). *Yourish v. Cal. Amplifier*, 191 F.3d 983, 993 (9th Cir. 1999). To meet this standard, plaintiffs must present details regarding the "time, place, and manner of each act of fraud, plus the role of each defendant in each scheme." *Lancaster Com. Hosp. V. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991).

The *pro se* complaint is devoid of facts sufficient to survive a *Twombly* analysis. It also comes woefully short of meeting the heightened pleading requirement for fraud under Rule 9(b). The complaint fails to allege the "who, what, when, and where" with the requisite specificity. Quite simply, it is unclear what U.S. Bank's role in the "fraud" is even alleged to be.

The reply prepared by counsel does nothing to cure these deficiencies. Instead, the reply argues that, because the complaint was originally filed in state court, it should not be held to the stricter federal pleading standards. This argument fails. "It is well-settled that the Federal Rules of Civil Procedure apply in federal court, irrespective of the source of the subject matter jurisdiction. . ." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009) (internal citations omitted). Although the complaint was originally filed it state court, it is still subject to the federal pleading standards. It fails to meet these standards, and must be dismissed.

---

[1] The complaint asserts that this is not an action to quiet title. (Compl., doc. # 1 ¶ 5). However, the prayer for relief requests "reconveyance of said satisfied collateral free of levy and lien." (*Id.*, ¶ V). Plaintiff also asserts he has suffered "loss of income and deformation [sic] of character. . ." however wholly fails to allege any facts supporting a defamation claim. (*Id.*, ¶ 5). The court notes that this is the exact same form complaint previously found deficient in *Maldonado v. U.S. Bank National Association*, case no. 2:13-cv-1292-JCM-NJK, 2014 WL 497026 (D. Nev. Feb. 6, 2014); and *Ramirez v. Wells Fargo Bank, NA*, case no. 2:13-cv-1671-JCM-GWF.

James C. Mahan
U.S. District Judge

**IV.   Conclusion**

Plaintiff has failed to meet the pleading requirements of Rules 8 and 9(b). As a result, he has failed to properly state a claim upon which relief can be granted. The motion to dismiss is granted.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion to dismiss (doc. # 4) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that the clerk shall enter judgment accordingly and close the case.

DATED February 13, 2014.

_____
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**